UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| M11 MOTORS, LLC, | ) | CASE NO. 5:17-cv-1365 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| UP TRADING, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is the motion to dismiss for lack of personal jurisdiction filed by defendant Cars Universal, Inc. ("Cars Universal"). (Doc. No. 10 ["MTD"].)[1] Plaintiff M11 Motors, LLC ("M11") has filed its opposition brief (Doc. No. 14 ["Opp'n"]), and Cars Universal has filed its reply (Doc. No. 15 ["Reply"]). For the reasons set forth herein, the motion to dismiss for lack of personal jurisdiction is granted.

## I. BACKGROUND

M11 filed its complaint against Cars Universal and Up Trading on June 28, 2017. M11 is an Ohio limited liability company with its principal place of business in North Olmsted, Ohio. It is in the business of selling and servicing new and used motor vehicles and is an authorized dealer for the sale and service of new Mercedes-Benz branded vehicles, which it sells in Massachusetts and surrounding states. (Complaint, Doc. No. 1 ["Compl."] ¶ 1.)

---

[1] Cars Universal also seeks dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6); in the alternative to dismissal, Cars Universal seeks transfer to the United States District Court for the District of Massachusetts. Given this Court's determination that it lacks personal jurisdiction over Cars Universal, it declines to rule on whether the complaint states a claim. Nor will the Court grant the alternative relief of transfer to a different venue, given the presence of the second defendant, who has not been timely served.

Cars Universal is an Oregon corporation with its principal place of business in Oregon. Up Trading is an Ohio limited liability company with its principal place of business in Akron, Ohio.[2] Both are in the business of exporting vehicles purchased in the United States for resale in foreign markets. (*Id.* ¶¶ 2, 3.)

M11 acquires its inventory of new Mercedes-Benz vehicles directly from Mercedes-Benz USA, LLC ("MBUSA"). As part of the dealership agreement, MBUSA requires M11 to agree not to sell new Mercedes-Benz vehicles for export. (*Id.* ¶ 5.) If M11 violates this contractual requirement, MBUSA imposes a monetary chargeback and also reduces the number of vehicles allocated to be sold to M11. (*Id.* ¶¶ 7, 8.) M11 requires all of its customers to sign a non-export agreement, making an affirmative representation that the customer will not export the vehicle and that the customer is not acquiring the vehicle for export purposes. (*Id.* ¶ 10.)

In Count III of its complaint, M11 alleges that Up Trading conspired with two of M11's employees (non-parties Larry Marcus ["Marcus"] and Sean King ["King"]) to purchase at least five new vehicles for subsequent export, in a scheme to defraud M11 in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961-1968 ("RICO"). (*Id.* ¶¶ 18, 20, 21-22.) In Count I, M11 alleges that, when purchasing each vehicle, Up Trading signed non-export agreements with M11, fraudulently misrepresenting that it would not export any of the purchased vehicles. (*Id.* ¶ 11.) In Count II, M11 alleges that, by later exporting the vehicles, Up Trading breached the non-export agreement. (*Id.* ¶ 14.) Finally, in Count VI, M11 asserts a claim of unfair trade practices under Massachusetts law.

---

[2] Up Trading has not yet been served with process, although the docket reflects that the clerk, upon plaintiff's late-November request, sent the summons and complaint by ordinary mail to two addresses on December 14, 2017. The 90-day period for service under Fed. R. Civ. P. 4(m) expired on September 28, 2017 without service on Up Trading and without any request from plaintiff for an extension of the time for service, which would require a showing of good cause. Under Rule 4(m), these circumstances require that the Court "must dismiss the action" after notice to plaintiff.

As to Cars Universal, in Count IV, M11 alleges that Cars Universal conspired with two of M11's employees (non-parties Danny Kaboub ["Kaboub"] and King) to purchase from M11 at least 36 new Mercedes-Benz vehicles for export, using straw buyers/agents who were allegedly indemnified by Cars Universal, in a scheme to defraud M11, in violation of RICO. (*Id.* ¶¶ 26, 27, 33, 34-35.) In Count V, M11 alleges that Cars Universal, as the principal of the agents who purchased the vehicles that were later exported, breached the non-export agreements signed by each straw purchaser. (*Id.* ¶ 39.) Finally, the state law claim in Count VI is also leveled against Cars Universal.

## II. DISCUSSION

M11 bears the burden of showing that this Court has personal jurisdiction over Cars Universal. *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261-62 (6th Cir. 1996); *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). When a district court rules on a motion to dismiss for lack of jurisdiction without conducting an evidentiary hearing, it must consider the pleadings and affidavits in the light most favorable to plaintiff. *CompuServe*, 89 F.3d at 1262. To defeat the motion, plaintiff need only make a *prima facie* showing of jurisdiction. *Id.*

"To meet its burden of establishing personal jurisdiction, plaintiff must show both (1) that the defendant is amenable to service of process . . .; and (2) that the exercise of personal jurisdiction would not deny the defendant due process." *Tradesmen Int'l, LLC v. Tradesmen Staffing, LLC*, No. 5:15-CV-1368, 2017 WL 2620660, at *2 (N.D. Ohio June 16, 2017) (citations omitted). Although Ohio's long-arm statute is typically the starting point, in the instant case, M11 asserts personal jurisdiction over Cars Universal "by reason of the provisions of 18 USC § 1965(b)." (Compl. ¶ 3.) This statutory section provides:

3

> (b) In any action under section 1964 of this chapter [for civil remedies for RICO violations] in any district court of the United States in which it is shown that the ends of justice require that other parties residing in any other district be brought before the court, the court may cause such parties to be summoned, and process for that purpose may be served in any judicial district of the United States by the marshal thereof.

"In deciding when the 'ends of justice require' national service, courts are to consider the legislative history of RICO. Courts have found that Congress intended the 'ends of justice' language to provide a means for 'plaintiffs to bring all members of a nationwide RICO conspiracy before the court in a single trial.'" *Iron Workers Local Union No. 17 Ins. Fund v. Philip Morris Inc.*, 23 F. Supp. 2d 796, 803 (N.D. Ohio 1998) (citation omitted); *see also Butcher's Union Local No. 498 v. SDC Invest., Inc.*, 788 F.2d 535, 539 (9th Cir. 1986).

But "the right to nationwide service in RICO suits is not unlimited." *Butcher's Union*, 788 F.2d at 539. "For nationwide service to be imposed under section 1965(b), the court must have personal jurisdiction over at least one of the participants in the alleged multidistrict conspiracy and the plaintiff must show that there is no other district in which a court will have personal jurisdiction over all of the alleged co-conspirators." *Id.* (citation omitted).

Here, although there might be personal jurisdiction over Up Trading, that defendant has not been served. *Butcher's Union*, 788 F.2d at 538 ("A federal court obtains personal jurisdiction over a defendant if it is able to serve process on him.") (citation omitted). More importantly, however, although the complaint alleges a scheme to defraud M11 among Cars Universal and two of M11's employees (neither of whom are parties here), and a separate similar scheme among Up Trading and two of M11's employees (only one of whom -- King -- was allegedly involved in both schemes and neither of whom is a party here), the complaint does *not* allege a scheme between Cars Universal and Up Trading, the only two named defendants. It does not allege that either one

4

"had any specific knowledge of or participation in [the other's] conspirac[y]." *Butcher's Union*, 788 F.2d at 539. In other words, taking as true the allegations in the complaint, Cars Universal and Up Trading are not co-conspirators in the same nationwide RICO conspiracy. As a result, attempting to base personal jurisdiction over non-resident Cars Universal on § 1965(b) asks that section to reach beyond its limits. "[M]erely naming persons in a RICO complaint does not, in itself, make them subject to section 1965(b)'s nationwide service provisions." *Id.* (finding that "the district court properly concluded that the complaint did not allege a single nationwide RICO conspiracy as required for nationwide service of process under the ends of justice provision of section 1965(b)").

Nor can M11 establish personal jurisdiction over Cars Universal under traditional methods. Personal jurisdiction exists in two forms: general or specific. *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir. 1992).

General jurisdiction "requires the defendant's contacts with the forum state [to be] of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Id.* (internal quotation marks omitted) (citation omitted).

"Specific jurisdiction is exercised over a defendant in a suit arising out of or related to the defendant's contacts with the forum." *Id*. (citation omitted). The Sixth Circuit utilizes a three-part test for specific jurisdiction:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968) (footnote omitted).

In its motion, supported by the declaration of Lizhan Yang (Doc. No. 10-2 ["Yang Decl."]),[3] Cars Universal asserts that it is an Oregon corporation with its principal place of business in California. (*Id.* ¶ 2.) It locates and purchases vehicles on behalf of its clients, working as an online aggregator of new and used automobile inventory from dealerships all over the United States. (*Id.* ¶ 3.) Being in the business of buying and selling motor vehicles, Cars Universal is in constant communication with dealerships such as M11. (*Id.* ¶ 4.) Cars Universal began communicating with M11's Massachusetts dealership in November 2015 and, over the course of about two years, it purchased a number of vehicles from that dealership. (*Id.* ¶¶ 5, 6.) As it relates to the transactions forming the basis of M11's allegations, all such transactions occurred in Massachusetts, and all communications and negotiations were directed to and/or took place in Massachusetts. (*Id.* ¶¶ 7, 8.) The vehicles purchased were from M11's Massachusetts dealership. (*Id.* ¶ 9.) As it relates to the transactions at issue in the complaint, Cars Universal never transacted any business in Ohio, or solicited any business in Ohio, and never traveled to Ohio in furtherance of these transactions, nor supplied any services or goods in Ohio. (*Id.* ¶¶ 10, 11.) Cars Universal has never had an office in Ohio, and is not registered to do business in Ohio; it has never paid taxes in Ohio; it has no employees in Ohio. (*Id.* ¶¶ 12, 13, 14.) Cars Universal has never had an interest in, used, or possessed any real property in Ohio. (*Id.* ¶ 15.) Cars Universal has never maintained any bank accounts in Ohio, nor had any telephone listings there. (*Id.* ¶ 16.)

In opposition to the motion, M11 simply recites verbatim the allegations of its complaint, none of which establish any contact between Cars Universal and Ohio, and argues in conclusory

---

[3] Yang is "an officer and principal of Cars Universal, Inc. . . . [who has] held such positions since June 2014." (Yang Decl. ¶ 1.)

6

fashion that § 1965(b) subjects Cars Universal to personal jurisdiction here because it authorizes nationwide service of process. Plaintiff also argues that the other defendant, Up Trading, is located in Ohio and that should be sufficient to establish personal jurisdiction over Cars Universal. That would be so if there were *any* allegations that Cars Universal engaged in a RICO scheme *with Up Trading*; but, as already noted, there are no such allegations in the complaint. M11 also supplies the affidavit of its owner, Bernie Moreno, who attests to M11's contacts with Ohio. But M11's contacts are not relevant to the analysis of this Court's personal jurisdiction over Cars Universal under RICO.

The Court concludes that it has no personal jurisdiction over Cars Universal, Inc., even under 18 U.S.C. § 1965(b). Cars Universal is entitled to dismissal. The Court declines ordering transfer to the district court in Massachusetts.

### III. CONCLUSION

For the reasons set forth herein, defendant Cars Universal is entitled to dismissal under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction.

Further, because defendant Up Trading was not served within 90 days of the commencement of this suit, and because plaintiff has neither sought an extension of time for service, nor shown good cause to receive an extension, the Court places plaintiff on notice that, in seven days from the date of this order, it will *sua sponte* dismiss the action against Up Trading pursuant to Fed. R. Civ. P. 4(m).

**IT IS SO ORDERED**.

Dated: December 28, 2017

                                                          **HONORABLE SARA LIOI**
                                                          **UNITED STATES DISTRICT JUDGE**